IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DWIGHT S LACRETTE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-cv-00522-E |
| | § | |
| MSI CREDIT SOLUTIONS LLC, | § | |
| | § | |
| Defendant. | § | |

**STATUS REPORT ORDER**
**(Joint Status Report Due Three (3) Weeks from the Date of this Order)**

In accordance with Federal Rules of Civil Procedure 16(b) and 26(f), the Court enters this Order to promote early settlement of this action and to facilitate entry of the scheduling order. Early meaningful discussions are critical to effective case management and to the just resolution of disputes. With that in mind, the Court directs the parties to carefully review this Order and strongly emphasizes the importance of strictly complying with its directives. Perfunctory meetings and generic or vague status reports are not acceptable and will prompt the Court to order an additional meeting and report. Accordingly, pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, lead counsel are directed to meet and confer for the purpose of submitting a **Joint Status Report** as follows:

**I. Meeting Requirements**

The Rule 26(f) conference may be conducted in-person, telephonically, by mail, or in another form of communication that will accomplish the conference requirement. Counsel must confer regarding the matters specified in Rule 26(f) and by this Order.

1

## II. Joint Status Report Requirements

The Report shall be **FILED** no later than three weeks after issuance of this Order and shall address in separate paragraphs each of the following matters:

1. A brief statement of the nature of the case, including the contentions of the parties;

2. Any challenge to jurisdiction or venue, including any procedural defects in removal if this case was removed;

3. Any pending motions;

4. Any matters that require a conference with the Court;

5. Likelihood that other parties will be joined or the pleadings amended;

6. A statement that counsel have read the *Dondi* opinion, 121 F.R.D. 284 (N. D. Tex. 1988) (en banc) and the District's Civil Justice Expense and Delay Reduction Plan (http://www.txnd.uscourts.gov/sites/default/files/documents/cjedrp.pdf);

7. (a) An estimate of the time needed for discovery, with reasons, (b) a specification of the subjects on which discovery may be needed, and (c) whether discovery should be conducted in phases or be limited to or focused upon issues;

8. Any issues related to disclosure or discovery of electronically stored information, including the form or forms (*e.g.*, TIF, PDF, or native; with or without metadata; searchable or not) in which it should be produced;

9. Any issues relating to claims of privilege or of protection as trial-preparation material, including whether the parties agree on a procedure to assert such claims after production (if the parties have any related agreement, they should submit a proposed joint order to the Court reflecting the agreement);

10. What changes, if any, should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rules, and what other limitations should be imposed;

11. Any other orders that should be entered by the Court under Rule 26(c) or Rule 16(b) and (c);

12. Proposed deadlines with specific dates that limit the time to (a) join other parties and to amend the pleadings; (b) file motions, including summary judgment and other dispositive motions; (c) complete discovery; (d) designate expert witnesses and file expert reports;

13. A proposed trial date agreed to by the parties, estimated length of trial, and whether a jury has been demanded. (The proposed trial date should be within eighteen months of the case being filed unless the parties demonstrate it is not feasible to try the case within that time. The Court operates a three-week docket beginning the first Tuesday of each month.  Therefore, the parties should propose a trial date that corresponds with the first Tuesday of the agreed-upon month.);

14. Whether the parties will consent to trial (jury or non-jury) before a United States Magistrate Judge per 28 U.S.C. § 636(c);

15. Progress made toward settlement, and the present status of settlement negotiations (This must be a detailed report.  Do not submit a generic recitation that settlement was discussed but was unsuccessful.);

16. Whether mediation has taken place, and, if not, what form of alternative dispute resolution (*e.g.*, mediation, arbitration) would be most appropriate for resolving this case and when it would be most effective; and

17. Any other matters relevant to the status and disposition of this case.

**Once a scheduling order is issued, an extension for the trial date will not be granted absent extraordinary circumstances, and the parties may not agree to extend ANY date in the scheduling order without approval of the Court.**

Any difference between counsel as to the status of any of the above matters must be set forth in the Report.  Failure to timely submit the Report may result in the imposition of sanctions, including dismissal without further notice.  *See* FED. R. CIV. P. 16(f).

### III.  Joint Responsibility for Report

Pursuant to Rule 26(f), the lead attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for (1) arranging and being present at the meeting (or for otherwise conferring if exempt from the requirement of a face-to-face meeting); (2) attempting in good faith to agree on a scheduling proposal; and (3) submitting the Report to the Court no later than the due date set forth above.  The Report must be signed by the lead attorney for each side or by any unrepresented parties.  If any attorney or unrepresented party responsible for participating in the meeting and signing the Report fails to do so, the other attorney(s) or unrepresented party or parties must submit the Report and identify the noncompliant attorney(s) or unrepresented party or parties.  The Court will determine what disciplinary action or sanctions should be imposed because of the noncompliance.

### IV.  Mandatory Initial Disclosure Requirement

The disclosures required by Rule 26(a)(1) must be made within thirty (30) days of the date of this Order, EXCEPT as to those cases exempted under Rule 26(a)(1)(B).  *See* FED. R. CIV. P. 26(a)(1).  The parties may not, absent Court permission, agree or stipulate to opt out of the initial

disclosure requirement. *See* FED. R. CIV. P. 26(a)(1) advisory committee's note to 2000 amendments.

### V. Electronic Case Management and Notice

All licensed attorneys are required to comply with Local Rules 5.1(e)-(f) and 83.13. *Pro se* litigants (non-prisoner) must register for electronic transmission (e-mail) notice of orders and judgments within thirty (30) days of the date this Order is signed. Information about electronic noticing can be obtained from the Court's website at: http://www.txnd.uscourts.gov/ecf-registration.

All questions regarding this Order or any scheduling matters should be directed to the Court at: Cynthia_Thornton@txnd.uscourts.gov.

**SO ORDERED: April 17, 2023.**

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE